**FEDERAL TRADE COMMISSION,**
**Plaintiff,**

**v.**

**SINGER, et al., Defendants.**

**No. C–80–3068 RFP.**

United States District Court,
N. D. California.

Jan. 7, 1981.

Peter G. Lagarias, F.T.C., San Francisco, Cal., for plaintiff.

Jeremiah Casselman, Los Angeles, Cal., for Michael Quinlan and James Wiehoff.

Sidney William Bennett, in pro. per.

## MEMORANDUM AND ORDER

PECKHAM, Chief Judge.

Defendants Quinlan's and Weihoff's motions to dismiss the action, vacate, suspend, stay, and/or modify this Court's preliminary injunction of August 14, 1980, and plaintiff's motion to hold defendants in contempt for violating that injunction having been submitted to the Court for consideration and decision on the record and pleadings on file, it is ORDERED that:

(1) the preliminary injunction is modified in accordance with this memorandum and order;

(2) defendants' motions to dismiss the action and vacate, suspend, or stay the preliminary injunction are DENIED for the reasons set forth in this memorandum; and

(3) plaintiff's motion to hold defendants in contempt is DENIED.

## DISCUSSION

The FTC seeks to enjoin defendants from violating certain of its anti-fraud rules and seeks redress for the victims of an allegedly fraudulent scheme to sell business opportunities.

On August 14, 1980, this Court entered a preliminary injunction which ordered defendants Quinlan and Weihoff, among other things, not to dispose of any of their assets and to file with the FTC, within 20 days, an accounting of all the assets they held on the date of the injunction. The Court later granted defendants' petition for an extension of time, which raised no defenses to the preliminary injunction and recited that defendants' counsel had been ill and unable to file the accounting. The Court extended the time for filing the accounting to September 19, 1980. To date, no accounting has been filed. This Court issued an order to show cause why defendants Quinlan and Weihoff should not be held in contempt for failing to file the accounting. At the show-cause hearing on November 3, 1980, defendants for the first time claimed that the required accounting violated their privilege against self incrimination under the fifth amendment to the United States Constitution. At that hearing, they also moved to dismiss the action or to vacate, suspend, stay, or modify the preliminary injunction.

### 1. The Fifth Amendment Claim

■ The injunction of August 14, 1980, requires self-incrimination within the fifth amendment. It requires defendants to create a new document, rather than only requiring them to turn over business records already in their possession, production of which was not compelled. See *Fisher v. U. S.*, 425 U.S. 391, 410, n.11, 96 S.Ct. 1569, 1580, n.11, 48 L.Ed.2d 39 (1976); see also *Andresen v. Maryland*, 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976). The question here is whether defendants have waived their fifth amendment claim by failing to assert it until this late stage. *Walker v. Birmingham*, 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210, strongly suggests that they have. That case held that one may not violate an injunction with impunity and then defend against contempt by asserting a new constitutional challenge to the validity of the injunction. The proper course of action is to either comply with the injunction or seek a stay of it during the

pendency of an appeal. Here defendants have appealed the injunction and have sought a stay, but their appeal and petition for stay were not filed until after the FTC's application for an OSC was filed, by which time the required accounting had been overdue for about three weeks. This Court does not view the filing of this appeal as bringing defendants within the *Walker* proscription, and does not condone defendants' belated assertion of this constitutional defense. Because the right against self-incrimination is of fundamental importance, however, this Court will entertain defendants' fifth amendment claim, decline to hold defendants in contempt, and modify the injunction of August 14, 1980 so as to avoid requiring defendants to incriminate themselves. Page 4, lines 3–8 of the August 14 order are hereby superseded by the following:

ORDERED, that defendants Singer, Luks, Quinlan, and Weihoff, and each of them, shall file, within twenty days of the issuance of this order, all current accountants' reports, bank statements, documents indicating title to real or personal property, and other indicia of ownership or interest in property of any of the defendants, which indicia of ownership or interest are now in any of the aforenamed defendants' actual or constructive possession.

### 2. Defendants' motion to dismiss the action and vacate the preliminary injunction.

Defendants' motions to dismiss the action and vacate the preliminary injunction are based on similar arguments.

First, defendants argue that the complaint alleges no acts occurring after the effective date of the applicable FTC rule, October 21, 1979. This is not true. *See* Amended Complaint page 5, lines 30–32 and page 9, lines 19–20 and 27–29.

■ Second, defendants urge that the FTC has no authority to proceed in federal district court without first conducting administrative proceedings. However, as this Court reads Section 13(b) of the Act, 15

U.S.C. 53(b), the Commission has two options. It can seek a preliminary injunction to maintain the status quo during the pendency of an administrative proceeding, and where such a proceeding is contemplated the administrative complaint must be filed within twenty days of the filing of the preliminary injunction. Alternatively, it may, "in proper cases," forego the administrative proceeding and seek preliminary and permanent relief in a federal district court. Although the question is one of first impression, the Court's examination of the legislative history of Section 13(b) suggests that it was contemplated that the FTC would, in routine fraud cases where its expertise was unnecessary, seek relief in the first instance in federal district court. See S. Rep. 93–151, 93d Cong., 1st Sess. at 30–31. Defendants' interpretation would require a wasteful and repetitious process.

 Defendants also argue that, since the FTC is seeking redress for defendants' alleged victims, it stands in the shoes of a private litigant and must therefore exhaust administrative remedies by conducting an administrative proceeding. However, the exhaustion cases involve procedures an individual must utilize to challenge the enforcement of an agency rule *against him*. See, e.g., *Moore v. N. Y. Cotton Exch.*, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750. Here, however, even the private individuals on whose behalf the FTC seeks redress would not be required to exhaust any administrative remedies. The exhaustion requirement has no application to the exercise by a governmental agency of its prosecutorial discretion to enforce the law. See *FTC v. Universal Rundle Corp.*, 387 U.S. 244, 251, 87 S.Ct. 1622, 1626, 18 L.Ed.2d 749 (1967).

 Lastly, defendants argue that the FTC lacks authority to seek redress for private individuals except in the ways provided in Section 19 of the Act. This contention flies in the face of Section 19(e), which states that

Remedies provided in this section are in addition to and not in lieu of any other remedy or right of action provided by state or federal law. Nothing in this section shall be construed to affect any authority of the Commission under any other provisions of the law.

Thus, the Act does not abrogate the cases which have held that a court sitting in equity to enforce regulatory provisions may order restitution or other ancillary remedies that are necessary to provide complete relief. See *Mitchell v. Robert DeMario Jewelry Co.*, 361 U.S. 288, 80 S.Ct. 332, 4 L.Ed.2d 323 (1960); *L. A. Trust Deed Exch. v. SEC*, 285 F.2d 162 (9th Cir. 1960).

For the above reasons, the motions to dismiss the complaint and to vacate the injunction are DENIED.

### 3. Defendants' motion for a stay of the preliminary injunction.

 Defendants move, pursuant to F.R.C.P. 62, to stay the injunction pending their appeal. Rule 62 provides that "a court in its discretion may suspend, modify, restore, or grant an injunction during ... appeal *upon such terms as to bond or otherwise as it considers proper for the security of the adverse party....*" [emphasis added.]

Defendants have proposed no security device. Indeed, it is difficult to imagine one which would not look very much like the preliminary injunction itself, which, in the main, prevents defendants from disposing of or secreting their assets and requires an accounting in order to aid in enforcing the injunction. Because this Court believes that no security device could adequately safeguard the interests of defendants' alleged victims and of the public if the preliminary injunction were stayed, defendants' application for a stay is DENIED.