SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

COLLEGE BOUND, INC., George Ronkin, and Janet Ronkin, Defendants.

Civ. A. No. 92–0979 (RCL).

United States District Court, District of Columbia.

March 30, 1994.

Stephen J. Crimmins, Thomas C. Newkirk, S.E.C., Washington, DC, for plaintiff.

Gary Weinfeld, Morris Weinberg, Jr., John F. Lauro, Zuckerman, Spaeder, Goldstein, Taylor & Kolker, Washington, DC, for defendants.

## MEMORANDUM OPINION AND ORDER

LAMBERTH, District Judge.

This case comes before the court on defendants' motion requesting this court to vacate certain provisions of its April 28, 1992 order ("Motion"). Defendants suggest that the defendants should not be compelled to provide a "sworn accounting."

I. Introduction

This action was filed on April 22, 1992, alleging the preparation and dissemination of materially false and misleading financial statements of College Bound, Inc. On April 28, 1992, Judge Charles Richey signed an order freezing the defendants' personal assets and directing them to provide an accounting. The Order stated:

It is further ordered that Defendants George Ronkin and Janet Ronkin shall within three business days of the service of

this Order, serve upon counsel for the SEC a sworn accounting of:

(a) all securities, funds, real estate, and other assets of each Defendant, held in Defendant's name, or in which Defendant has had any direct or indirect beneficial interest, from January 1, 1989 to the present, stating the location and disposition of each of the assets;

(b) each account with any financial institution or brokerage firm maintained in the name of any Defendant or its subsidiaries, or in which Defendant has or has had any direct or indirect beneficial interest, from January 1, 1989 to the present;

(c) every transaction from January 1, 1989 to the present in which any funds or other assets of any kind were transferred from any Defendant to any other Defendant in this action; and

(d) every transaction from January 1, 1989 to the present in which any funds or other assets of any kind were transferred from and Defendant to any relatives of said Defendant or to any entity in which said defendant or relative or said defendant has any ownership interest.

*SEC v. College Bound, Inc., et al.,* Civ. No. 92–979 (D.D.C. Apr. 30, 1992) (order freezing assets of individual defendants).

The Ronkins failed to comply with Judge Richey's order. They did not provide an accounting within three business days. Moreover, they never requested an extension of time within which to provide an accounting.

At a June 8, 1992 status conference, Judge Stanley Sporkin expressed his approval for an accounting as an efficient means to proceed toward the resolution of this matter. Then Judge Sporkin inquired whether the SEC would move for contempt against the Ronkins' for failure to provide the accounting. Before the SEC could file any such contempt motion, the Ronkins filed this June 9, 1992 motion to vacate Judge Richey's order for an accounting.

Defendants proffer a couple of reasons for vacating the provisions of this order. First,

defendants contend that there is no legal basis for this court to order the defendants to provide an accounting since the original freeze order was based upon misinformation regarding defendant's removal of funds from defendant College Bound. Second, defendants argue that forcing them to provide an accounting would be in violation of their asserted Fifth Amendment right against self-incrimination.

## II. Misinformation

Defendants base their first line of defense on claims that they provided plaintiff's counsel with "documentary evidence," proving that the Ronkins had not improperly taken any funds from College Bound. Mot. ¶ 2. Defendants state that any suggestion that they improperly removed funds from College Bound "is simply untrue." *Id.* ¶ 3.

■ Plaintiff insists that defendants' evidence in support of this claim—copies of certain checks written to College Bound appearing to be drawn by the Ronkins and defense counsel's speculation that those checks might represent loans by the Ronkins to College Bound—are woefully inadequate to overturn the court's order. This court agrees.

As plaintiff points out:

[A]lthough such alleged loans would have been transactions between a public company and its interested principal officers and directors, the Ronkins have furnished no loan documentation, and no indiction [sic] of the terms, int[e]rest provisions or repayment requirements for any such alleged loans. If these checks do represent real payments to College Bound, are they demand loans, loans with an unexpired term, capital contributions, restoration of funds previously withdrawn ..., or even funds contributed to keep the fraudulent revenue reporting fraud going? These checks do not explain this.

Plf.'s Opp'n Mot. at 4. There is no other evidence explaining the Ronkins withdrawals or checks.[1]

---

1. Defendants also suggest that an accounting is such "extraordinary remedy" that plaintiff should be required to show that it cannot obtain all necessary information through usual discov-

## III. Fifth Amendment Privilege Against Self–Incrimination

■ Defendants suggest that the compelled sworn accounting would violate their right against self-incrimination. Defendants state that "[c]learly, the defendants cannot be compelled to provide evidence in violation of their constitutional protections." Defs.' Mem.Supp.Mot. at 2. "Defendants ... assert their constitutional rights in response to any requirement that they create evidence." *Id.*

Plaintiff claims that the Ronkins failure to state a timely objection on the record or to move to vacate within the time allowed for compliance, constitutes a waiver of any Fifth Amendment rights they might have had with respect to the order directing the accounting.[2]

Although this court does not condone defendants' belated response to this court's order—asserting their Fifth Amendment constitutional protection—the right against self-incrimination is of such fundamental importance that this court grants defendants' request for modification of the April 28, 1992 order and modifies the freezing order so as to avoid requiring defendants to create evidence in violation of their Fifth Amendment rights against self-incrimination.

■ The Fifth Amendment protects civil litigants against being compelled to disclose information that might be used against them in a criminal proceeding. This right against self-incrimination includes protection against forced creation of a new, incriminating document.

■ The central question addressed by this motion is whether the Ronkins have waived their Fifth Amendment claim by failing to assert this protection until after they were in violation of the court's original order. A civil litigant may object to any directive of the court or discovery request on the basis of his Fifth Amendment right against self-incrimination. However, this objection must be set forth in a timely manner; otherwise the Fifth Amendment privilege can be waived.

In *Walker v. Birmingham*, 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210 (1967), the Supreme Court held that one may not violate an injunction with impunity and then defend against contempt by asserting a new constitutional challenge to the validity of the injunction. The court noted that the proper course of action is to either comply with the injunction or seek a stay pending appeal.

However, in a case with facts strikingly similar to those in the present case, *F.T.C. v. Singer*, 534 F.Supp. 24 (N.D.Cal.1981), *aff'd* 668 F.2d 1107 (9th Cir.1982), a court held that "the right against self-incrimination is of fundamental importance," requiring entertainment of the defendants' tardy Fifth Amendment assertion. In *Singer*, the defendants filed an appeal to an injunction and sought a stay after the F.T.C. filed an order to show cause. The required accounting had been overdue for about three weeks.

In *Singer*, the preliminary injunction against the defendants directed them not to dispose of any of their assets and to file an accounting of all assets held on the date of the injunction with the F.T.C. After the court extended the time for defendants to file an accounting and defendants failed to provide the accounting, the court issued an order to show cause why the defendants should not be held in contempt for failing to file the accounting. At the show cause hearing, defendants asserted their privilege against self incrimination under the Fifth Amendment for the first time. At that hearing, defendants moved to dismiss the action or to vacate, suspend, stay, or modify the preliminary injunction.

The court stated:

> this court wonders why Judge Sporkin would have inquired about show cause proceedings if "[t]he Ronkins ha[d] consistently taken the position that they assert their Fifth Amendment rights in response to this accounting provision." Defs.' Supp.Mem.Supp.Mot. Vacate Provisions of Order at 10.

---

ery methods. This court rejects defendants' placement of such a burden on the plaintiff.

2. The Ronkins' counsel claim that they timely and adequately advised the court of their intention to assert the Ronkins' Fifth Amendment rights with respect to this requested accounting. They cite no evidence for this proposition, and

**68**

This Court does not view the filing of this appeal as bringing defendants within the *Walker* proscription, and does not condone defendants' belated assertion of this constitutional defense. Because the right against self-incrimination is of fundamental importance, however, this Court will entertain defendants' fifth amendment claim, decline to hold defendants in contempt, and modify the injunction of August 14, 1980 so as to avoid requiring defendants to incriminate themselves.

*Singer,* 534 F.Supp. at 26; *see Hughes Tool Co. v. Meier,* 489 F.Supp. 354, 372–373 (D.Utah 1977).

In the present case, defendants filed a motion for an order modifying Judge Richey's order before any show cause proceedings were initiated. The Ronkins are even further outside the *"Walker* proscription."

IV. Conclusion

This court is disturbed by defendants' disregard for the orders of this court and will tolerate no future disrespect; however, Judge Richey's April 28, 1992 order does require the Ronkins to create evidence in violation of their asserted Fifth Amendment right against self-incrimination. Therefore this court hereby modifies the original freezing order. Section IV.(a)–(d) of the April 28, 1992 order is hereby SUPERSEDED by the following:

It is further ORDERED that defendants George Ronkin and Janet Ronkin shall file, within twenty days of the date of this order, all financial institution or brokerage firm statements maintained in the name of any defendant, all documents evidencing title to real or personal property in which any defendant has any direct or indirect beneficial interest from January 1, 1989 to the present, all documents pertaining to defendants' asset transfers to other defendants from January 1, 1989 to the present, all documents pertaining to defendants' asset transfers to relatives or entities in which said defendant or relative has any ownership interest from January 1, 1989 to the present, and other indicia of ownership or interest in any of the aforementioned

defendants' actual or constructive possession.

SO ORDERED.